IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANDY B., TERRI B., and J.B.,<br><br>          Plaintiffs,<br>v.<br><br>AVMED, INC.,<br><br>          Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No: 2:19-cv-00396-DB-PMW<br><br>District Judge Dee Benson<br>Magistrate Judge Paul M. Warner |

      Before the court is Defendant's Motion to Dismiss Plaintiffs' Complaint. (Dkt. No. 9.) The motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

## BACKGROUND

      Plaintiffs Andy B. and Terri B. are the parents of Plaintiff J.B. and reside in Miami-Dade County, Florida. (Dkt. No. 2, ¶ 1.) Defendant AvMed is an insurance company headquartered in Florida. (*Id.* ¶ 2.) At all times relevant to this matter, Plaintiff Andy B. was a participant in a fully-insured health benefit plan (the "Plan") governed by the Employee Retirement Income Security Act of 1974 ("ERISA") and administered by AvMed. (*Id.* ¶¶ 2–3.) Plaintiff J.B. was a beneficiary of the Plan at all relevant times. (*Id.*)

      From a young age, J.B. has exhibited social and academic difficulties. (*Id.* ¶¶ 9–13.) In December of 2015, J.B. attempted to commit suicide and was placed on suicide watch at home.

(*Id.* ¶ 14.) J.B. received mental health treatment from two Utah providers during the period of June 2016 to August 2017. J.B. first received treatment at Aspiro Academy ("Aspiro") from June 7, 2016, to August 3, 2016. (*Id.* ¶ 4.) Immediately after, J.B. received medical care at Daniels Academy ("D.A.") from August 3, 2016, to August 9, 2017. (*Id.*) AvMed denied all payment for J.B.'s treatment at Aspiro, and denied payment for J.B.'s treatment at D.A. from August 17, 2016, forward. Andy B. submitted numerous appeals, and AvMed upheld its denial of these payments, determining that the treatment was not medically necessary under the terms of the Plan. An external review agency, MCN, also upheld the denial for treatment at both Aspiro and D.A as not medically necessary. (*Id.* ¶¶ 31–35, 48–51.)

In their Complaint, Plaintiffs allege two causes of action: Count I is a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B), and Count II is a claim for violation of the Mental Health Parity and Addiction Equity Act ("Parity Act" or "MHPAEA") under 29 U.S.C. § 1132(a)(3). On November 8, 2019, Defendant filed a Motion to Dismiss the Complaint. (Dkt. No. 9.) In this motion, Defendant seeks dismissal of the action by arguing that the court lacks personal jurisdiction. Alternatively, Defendant requests a venue transfer under 28 U.S.C. § 1404(a). In addition, Defendant argues that Plaintiffs have failed to state a cause of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendant's motion to dismiss for lack of jurisdiction and Defendant's request for transfer of venue are both denied, while Defendant's motion to dismiss for failure to state a claim is granted regarding Count II of Plaintiffs' Complaint.

DISCUSSION

*Personal Jurisdiction and Venue:*

ERISA's venue provision permits an action brought under ERISA to proceed: (1) in the district where the insurance plan is administered; (2) where the breach took place; or (3) where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Furthermore, "process may be served in any other district where a defendant resides or may be found." *Id.* The Tenth Circuit has held that this provision clearly authorizes nationwide service of process. *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000). "Thus, provided that due process is satisfied, § 1132(e)(2) confers jurisdiction over defendants by authorizing service of process on them." *Id.*

"To establish that jurisdiction does not comport with Fifth Amendment due process principles, a defendant must first demonstrate 'that his liberty interests actually have been infringed.'" *Id.* at 1212. The Tenth Circuit has held that "[i]n this age of instant communication and modern transportation, the burdens of litigating in a distant forum have lessened," and that "it is only in highly unusual cases that inconvenience will rise to a level of constitutional concern." *Id.* at 1212–13. Applying this standard, Defendant has not adequately shown that this forum will make litigation so gravely difficult and inconvenient as to amount to a deprivation of its liberty interests. AvMed is a large corporation with the resources to litigate this action in Utah, particularly considering "modern methods of communication and transportation." *See id.* at 1213. Any inconvenience suffered by Defendant litigating this case in Utah does not rise to the level of constitutional concern.

Alternatively, Defendant moves to transfer venue to the Southern District of Florida. A district court may exercise its discretion to transfer an action "[f]or the convenience of parties

and witnesses, [and] in the interest of justice, … to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In considering a motion to transfer venue, courts in the Tenth Circuit look to the following factors:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991). However, "the presumption is that plaintiff has chosen a proper forum … and unless the circumstances of the case weigh heavily in favor of the transfer, the plaintiff's choice should not be disturbed." *Frontier Fed. Sav. & Loan Ass'n v. Nat'l Hotel Corp.*, 675 F. Supp. 1293, 1301 (D. Utah 1987).

This court has declined to transfer venue where the defendant does not provide the court with specific evidence establishing the inconvenience of the Utah forum. *See, e.g., IHC Health Servs., Inc. v. Cadence Aerospace, LLC,* No. 2:18-CV-12-DB, 2018 WL 2138656, at *2 (D. Utah May 9, 2018). Here, Defendant has not provided the court with such evidence. In its motion and supporting affidavit, Defendant argues that transfer would be more convenient for witnesses and for the documents related to this matter. However, Defendant has not "specifically identified" these witnesses or documents, nor has it demonstrated their materiality to this case. *See Segil v. Gloria Marshall Mgmt. Co.,* 568 F. Supp. 915, 919 (D. Utah 1983). Without evidence to support its conclusory allegations of inconvenience, Defendant has failed in its burden of establishing that the circumstances of this case weigh heavily in favor of transfer.

*Denial of Benefits Claim:*

ERISA provides a private right of action for a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Accepting all well-pleaded allegations in the Complaint as true and viewing those allegations in the light most favorable to Plaintiffs, the court finds that Plaintiffs have sufficiently pled their claim for recovery of benefits. *See Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir. 2001). In their Complaint, Plaintiffs allege that Defendant violated the terms of the Plan because AvMed failed to comply with ERISA's claims processing procedures, and because AvMed denied benefits for J.B.'s treatment at Aspiro and D.A. where such treatment was medically necessary. (Dkt. No. 2, ¶¶ 72–76.) Plaintiffs provide sufficient factual support for these allegations to satisfy Rule 8 of the Federal Rules of Civil Procedure and to "nudge[] their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For these reasons, Plaintiffs' ERISA claim for benefits is not subject to dismissal at this stage.

*Parity Act Claim:*

The Parity Act "requires that a plan's treatment and financial limitations on mental health or substance abuse disorder benefits cannot be more restrictive than the limitations for medical and surgical benefits." *Roy C. v. Aetna Life Ins. Co.,* No. 2:17CV1216, 2018 WL 4511972, at *3 (D. Utah Sept. 20, 2018) (citing 29 U.S.C. § 1185a(a)(3)(A)(ii)); *see also* 75 Fed. Reg. 5410, 5412–13 (Feb. 2, 2010). "Because the Parity Act 'targets limitations that discriminate against mental health and substance abuse treatments *in comparison to* medical or surgical treatments,' to survive the dismissal of a Parity Act claim, a plaintiff must allege a medical or surgical

analogue that the plan treats differently than the disputed mental health or substance abuse services." *Roy C.,* 2018 WL 4511972, at *3 (emphasis in original).

Here, Plaintiffs allege that Defendant violated the Parity Act because the Plan's medical necessity requirements for inpatient mental health treatment benefits are more stringent or restrictive than the medical necessity criteria applied to analogous medical or surgical benefits, such as skilled nursing facilities, inpatient hospice care, and rehabilitation facilities. (Dkt. No. 2, ¶¶ 81–86.) Having reviewed the Complaint and the Parties' briefing, the court finds that Plaintiffs' allegations are insufficient to state a claim under the Parity Act. Plaintiffs' Complaint lacks factual support for its assertions that disparate treatment existed in the way that Defendant evaluated J.B.'s claim for treatment at Aspiro and D.A. in comparison to the way that Defendant evaluates claims for treatment at analogous medical or surgical facilities. Plaintiffs' Parity Act claim is supported by speculative statements, legal conclusions, and recitals of the statutory language of the Parity Act, none of which constitute well-pleaded facts. *See Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)) ("'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements' do not count as well-pleaded facts.). This court has dismissed previous Parity Act claims containing such "conclusory and formulaic recitations of the law," but which "fail[ed] to allege with specificity facts showing a disparity in Defendant's application of limitation criteria." *See, e.g., Jeff N. v. United HealthCare Ins. Co.,* No. 2:18-CV-00710-DN-CMR, 2019 WL 4736920, at *4 (D. Utah Sept. 27, 2019). Because the Complaint does not allow the court "to infer more than the mere possibility of misconduct," Plaintiffs fail to state a claim under the Parity Act.  *See Iqbal,* 556 U.S. at 679.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's motion to dismiss for lack of personal jurisdiction and Defendant's request to transfer this case to the Southern District of Florida. The Court also hereby DENIES Defendant's motion to dismiss Plaintiffs' First Cause of Action. Defendant's motion to dismiss Plaintiffs' Second Cause of Action is GRANTED.

DATED this 20th day of February, 2020.

BY THE COURT:

Dee Benson
United States District Judge